UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KAMMAN'S FARMS, INC. | ) | CHAPTER 11 |
| | ) | |
| Debtor | ) | CASE NO. 15-91109-BHL-11 |
| | ) | |

**MOTION FOR AUTHORITY TO USE CASH COLLATERAL,
AND TO PROVIDE ADEQUATE PROTECTION**
✱ ✱ ✱   ✱ ✱ ✱   ✱ ✱ ✱

Comes the Debtor, Kamman's Farms, Inc. ("Kamman's" or "Debtor"), by proposed counsel, and hereby moves the Court for entry of an order authorizing the use cash collateral and to provide adequate protection. In support of this Motion, Debtor states as follows:

**Jurisdiction**

1. The Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (M) and (O). The statutory predicates for the relief requested in this motion are 11 U.S.C. §§ 105, 361, and 363 and Rules 4001(b) and 9014 of the Federal Rules of Bankruptcy Procedure.

2. Venue of these proceedings and the within motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

3. On June 17, 2015 (the "Petition Date"), Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Pursuant to Sections 1107(a) and 1108[1] of the Bankruptcy Code, Debtor continues to operate its business and manage its property as a debtor in possession.

---

[1] All statutes cited herein refer to the Bankruptcy Code unless otherwise specified.

4. Debtor is an Indiana corporation and operates produce farms in Indiana, Georgia and Florida.

5. Kamman's currently employs approximately 46 employees.

### Pre-Petition Banking Relationship with PNC Bank

6. Debtor's obligations to PNC Bank ("PNC") include:

| Loan | Amount |
|---|---|
| Loan #606401304 | $1,392,284.09 |
| Loan #606406871 | $ 977,415.00 |
| Loan #606401342 | $ 600,000.00 |
| Loan #606401333 | $1,337,098.00 |
| Loan #606442653 | $ 11,645.00 |

At the time of the bankruptcy filing, the amount owed by Debtor to PNC was approximately $4,418,442.00.

PNC holds a first position pre-petition blanket security interest in Debtor's property, including but not limited to machinery and equipment, inventory, accounts receivables, and intangibles. Debtor estimates the going concern value of PNC's collateral is no less than $4,500,000.00. Thus, PNC is a fully secured creditor.

7. Debtor's use of PNC's Cash Collateral is essential for its continued operations, and PNC contends that it is entitled to adequate protection against the deterioration, depreciation, conversion or loss and diminution in value of their Cash Collateral.

### Relief Requested

8. As more fully set forth in Debtor's projected budget attached hereto as Exhibit "A" (the "Budget"), Debtor seeks authorization to use Cash Collateral on an interim basis through July 17, 2015 (the "First Interim Period"). Debtor seeks to meet its ordinary and necessary post-petition expenditures through use of approximately $1,418.511.00 of Cash Collateral through July 31, 2015.

9. Debtor's use of Cash Collateral is imperative to ensure Debtor's continued operations and to maximize creditors' recovery. Use of Cash Collateral preserves the value of Debtor's assets, and without such use the value of Debtor's assets will immediately and substantially diminish. Absent authorization to use the Cash Collateral, there would be no reasonable prospect that Debtor would be able to reorganize successfully in this Chapter 11 case.

10. Entry of the proposed Order is in the best interests of the estate and its creditors because use of Cash Collateral will minimize disruption of Debtor as a "going concern," and increases the possibilities for a successful reorganization.

11. PNC is entitled, pursuant to Sections 361 and 363(e) of the Bankruptcy Code, to adequate protection of its interest in the Cash Collateral to the extent of the diminution in value thereof.

12. As and for adequate protection in consideration of Debtor's continued possession and use of Cash Collateral, Debtor hereby offers PNC (i) a valid, enforceable, attached, and automatically perfected assignment of and security interest in and lien on all of the existing and hereafter acquired right, title, and interest of Debtor in and to the Cash Collateral solely for the First Interim Period to the same extent and priority PNC holds valid, enforceable, and perfected security interests in the Cash Collateral prior to the Petition Date; (ii) monthly payments of interest to PNC at the interest rate of 5%.

13. Further, Debtor hereby offers to account for its use of Cash Collateral. In no event will Debtor use Cash Collateral in a manner that materially varies from the Budget without prior written notification to PNC or further Order of the Court.

14. No previous motion for the relief sought herein has been made to this or any othercourt.

**Notice**

15. Notice of this Motion has been given to (a) the United States Trustee for the Southern District of Indiana, (b) to PNC and its counsel, (c) other lienholders of Debtor; and (d) to the parties listed on Debtor's List of Twenty Largest Unsecured Creditors. Debtor submits that, under the circumstances, no other or further notice is required.

**Conclusion**

**WHEREFORE**, Debtor respectfully requests that the Court enter an order (1) authorizing the use of Cash Collateral; (2) establishing adequate protection for the use of PNC's Cash Collateral; and (3) granting Debtor other just relief.

Respectfully submitted,

/s/ Neil C. Bordy
NEIL C. BORDY
CHARITY B. NEUKOMM
SEILLER WATERMAN LLC
22nd Floor-Meidinger Tower
462 S. Fourth Street
Louisville, Kentucky 40202
Telephone: (502) 584-7400
Facsimile: (502) 583-2100
E-mail: bordy@derbycitylaw.com
E-mail: Neukomm@derybcitylaw.com
*Proposed Counsel for Debtor*

**CERTIFICATE OF SERVICE**

It is hereby certified that on June 17, 2015, a true and correct copy of the foregoing Motion for Authority to Use Cash Collateral and to Provide Adequate Protection was (a) mailed electronically through the U.S. Bankruptcy Court's ECF system to the electronic addresses as set forth in the ECF system to the U.S. Trustee and all other persons receiving electronic notifications in this case, and (b) served either by e-mail, first class mail and/or facsimile to those entities identified as the holders of the Twenty Largest Unsecured Claims against the Debtor.

/s/ Neil C. Bordy
NEIL C. BORDY

G:\doc\NCB\KAMMAN'S FARMS, INC\Pldgs\Emergency Motion to Use Cash Collateral.doc