UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KAMMAN'S FARMS, INC., | ) | CHAPTER 11 |
| | ) | |
| Debtor | ) | CASE NO. 15-91109-BHL |
| | ) | |

**MOTION FOR AUTHORIZATION TO PAY WAGES,
SALARIES, AND WITHHOLDING TAXES**

✳✳✳  ✳✳✳  ✳✳✳

Comes the Debtor, Kamman's Farms, Inc. ("Kamman's Farms" or "Debtor"), by counsel, and respectfully requests that the Court enter an Order pursuant to 11 U.S.C. § 105(a) authorizing the payment of wages, salaries, and withholding taxes to and on behalf of its employees. In support of this Motion, Debtor states as follows:

**Jurisdiction**

1.   The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. Venue for these proceedings and this Motion is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.  This is a core proceeding as defined in 28 U.S.C. § 157(b)(2).

2.   The statutory bases for the relief sought in this Motion are sections 105(a), 363(b) and 1108 of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Background**

3.   On June 17, 2015 (the "Petition Date"), Debtor filed its voluntary petition for relief under Chapter 11 of title 11 of the Bankruptcy Code (the "Bankruptcy Code").  Pursuant to

Sections 1107 and 1108[1] of the Bankruptcy Code, Debtor continues to operate its business and manage its property as a debtor in possession.

4. As of the Petition Date, Debtor employed three (3) regular hourly employees, three (3) salaried officers, and approximately forty (40) H-2 laborers for a total of approximately forty-six (46) individuals. Of those employees, three (3) are paid a salary, while the remaining individuals are compensated on an hourly basis.

5. Debtor internally processes and remits all payroll deductions, including, but not limited to, deductions for withholding taxes, deductions for insurance premiums, deductions for child support, chapter 13 plan payments and court-ordered garnishments.

6. Debtor's employees are paid weekly, every Friday. In the ordinary course of Debtor's business, its employees are to be paid on June 19, 2015, for the period of June 7, 2015 through June 13, 2015 (the "First Pay Period"). In addition, Debtor's employees are to be paid on June 26, 2015, for the period of June 14 through June 20, 2015 (the "Second Pay Period"). Thus, there are three days of pre-petition wages and benefits included in the Second Pay Period. This motion addresses the entire First Pay Period and the three days of pre-petition wages and benefits included in the Second Pay Period (the "Pay Period").

7. For the First Pay Period beginning prior to the Petition Date but due after the Petition Date, Debtor is liable for approximately $25,000.00 in gross wages of current employees of Debtor and Debtor is liable for approximately $11,000.00 in gross wages of current employees for the three pre-petition days of the Second Pay Period (the "Pre-Petition Wages").

8. By this Emergency Motion, Debtor seeks authorization to pay the Pre-Petition Wages in the ordinary course of business.

---

[1] All statutes cited herein refer to the Bankruptcy Code unless otherwise specified.

2

9. Necessarily attendant to the payment of payroll obligations is Debtor's obligation to pay federal and state withholding taxes (the "<u>Withholding Taxes</u>") for the three (3) regular hourly employees and the three (3) officers. At any given time, there may be Withholding Taxes withheld from employees' paychecks but not yet remitted to the appropriate taxing authorities.

10. Debtor estimates its liability for federal, state and local Withholding Taxes for the First Pay Period to be approximately $1,400.00 and approximately $600 for the three days of pre-petition payroll obligations included in the Second Pay Period. Debtor submits that these amounts withheld, but not yet paid, constitute funds held in trust for the benefit of Debtor's employees. Nonetheless, Debtor seeks authorization from the Court to remit these amounts to the appropriate taxing authorities as they come due in the ordinary course of business.

11. Accordingly, by this Emergency Motion, Debtor seeks authority to remit to the appropriate taxing authorities all accrued, but unremitted, pre-petition Withholding Taxes when they are due or as soon as practicable.

14. Pursuant to this Emergency Motion, Debtor seeks authorization from this Court to (i) pay all Pre-Petition Wages; and (ii) pay all current and accrued Withholding Taxes with respect to the Pre-Petition Wages.

15. Unless authorized by the Court, Debtor will be restricted from paying the Pre-Petition Wages attributable to the period prior to the Petition Date, and the Withholding Taxes related thereto.

**<u>Relief Requested</u>**.

17. It is essential to Debtor's continued operations and reorganization prospects that the services of Debtor's employees be retained and that the morale of such persons be maintained. If the checks and fund transfers issued with respect to the Pay Period are dishonored

or voided and accrued compensation is not paid, these individuals and their families will suffer extreme personal hardship and may be unable to pay their daily living expenses.

18.     A significant deterioration in employee morale at this critical time undoubtedly will have a substantial adverse impact on Debtor, the value of its assets and business, its ability to continue serving its consumers and the community, and its ability to reorganize. Debtor submits that the total amount to be paid if the authorization sought herein is granted is *de minimis* compared with the size of Debtor's estate and the importance of Debtor's employees to its rehabilitation effort.

19.     In the normal course of business, Debtor maintains accurate and complete records of its charges and any amounts that it pays in respect of wages and reimbursable business expenses. Debtor will continue to maintain such records on an ongoing basis.

20.     Debtor submits that the payment of all Pre-Petition Wages and Withholding Taxes, in accordance with current practice, is in the best interests of all parties and will enable Debtor to continue to operate its business in an economic manner without disruption. These payments will be crucial to the well-being of Debtor's employees who are vital to Debtor's ongoing business and the success of its reorganization.

21.     Furthermore, as indicated above, the amounts withheld as Withholding Taxes effectively constitute trust funds held for the benefit of Debtor's employees. Accordingly, these withheld funds technically are not property of Debtor's estate and should be paid to the designated recipients or for the designated purposes. Debtor submits that it would be unfair and imprudent to divert employees' funds from their designated purposes which, in some instances represent obligations. To do so may unnecessarily derail Debtor's reorganization process by needlessly raising collateral issues and causing a significant deterioration in employee morale.

22. Under § 507(a)(4) of the Bankruptcy Code, each employee of Debtor may be granted a priority claim for:

> "allowed unsecured claims, but only to the extent of $12,475 for each individual or corporation, as the case may be, earned within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first, for—
>
> (A) wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual;"

23. Thus, each employee claim that would result from Debtor's non-payment of Pre-Petition Wages and related amounts due would constitute priority claims against Debtor's bankruptcy estate. Absent the relief requested herein, Debtor would be likely to lose all or most of its workforce and generate substantial priority claims that would impair unsecured creditors' ability to recover from the estate.

24. No previous request for the relief requested herein has been made to this Court.

WHEREFORE, Debtor respectfully requests entry of an Order authorizing the relief requested herein and granting such other and further relief as is just and appropriate under the circumstances.

Respectfully submitted,

/s/ Charity B. Neukomm
NEIL C. BORDY
CHARITY B. NEUKOMM
SEILLER WATERMAN LLC
Meidinger Tower – 22nd Floor
462 S. Fourth Street
Louisville, Kentucky 40202
Telephone: (502) 584-7400
Facsimile: (502) 583-2100
E-mail: bordy@derbycitylaw.com
E-mail: neukomm@derbycitylaw.com
*Proposed Counsel for Debtor*

## **CERTIFICATE OF SERVICE**

It is hereby certified that on June 17, 2015, a true and correct copy of the foregoing was (a) mailed electronically through the U.S. Bankruptcy Court's ECF system to the electronic addresses as set forth in the ECF system to the U.S. Trustee and all other persons receiving electronic notifications in this case, and (b) served either by e-mail and/or facsimile to those entities identified as the holders of the Twenty Largest Unsecured Claims against the Debtor.

/s/ Charity B. Neukomm
NEIL C. BORDY
CHARITY B. NEUKOMM

G:\doc\NCB\KAMMAN'S FARMS, INC\Mot Pay Wages.docx