UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KAMMAN'S FARMS, INC. | ) | CHAPTER 11 |
| | ) | |
| Debtor | ) | CASE NO. 15-91109-BHL-11 |
| | ) | |

**MOTION FOR AUTHORITY TO USE CASH COLLATERAL,
AND TO PROVIDE ADEQUATE PROTECTION TO LEASING SPECIALISTS, INC.**
✼✼✼   ✼✼✼   ✼✼✼

Comes the Debtor, Kamman's Farms, Inc. ("Kamman's Farms" or "Debtor"), by proposed counsel, and hereby moves the Court for entry of an order authorizing the use cash collateral and to provide adequate protection to Leasing Specialists, Inc. In support of this Motion, Debtor states as follows:

**Jurisdiction**

1. The Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (M) and (O). The statutory predicates for the relief requested in this motion are 11 U.S.C. §§ 105, 361, and 363 and Rules 4001(b) and 9014 of the Federal Rules of Bankruptcy Procedure.

2. Venue of these proceedings and the within motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

3. On June 17, 2015 (the "Petition Date"), Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Pursuant to Sections 1107(a) and 1108[1] of the

---
[1] All statutes cited herein refer to the Bankruptcy Code unless otherwise specified.

Bankruptcy Code, Debtor continues to operate its business and manage its property as a debtor in possession.

4. Debtor is an Indiana corporation which is a family- owned grower-packer-shipper of cantaloupe, watermelons, and pumpkins. Debtor is based in Vallonia, Indiana and operates produce farms in Indiana, Georgia and Florida.

5. Kamman's currently employs approximately forty-six (46) employees.

### Pre-Petition Relationship with Leasing Specialists, Inc.

6. Debtor's obligations to Leasing Specialists, Inc. ("LSI") are pursuant to a lease agreement dated March 1, 2013 for (1) 2013 Exeter Watermelon Packing Line Equipment, (2) 2013 Exeter Cantaloupe Packing Line Equipment, (3) 2012 CASE IH 180 Magnum Tractor, and (4) 2012 CASE IH Ecolo-Til 2500 5-Shank Ripper. ((1)-(4) collectively referred to herein as "Leased Equipment")

7. At the time of the bankruptcy filing, the amount owed by Debtor to LSI for the Leased Equipment is $31,950.00, quarterly due in March, June, September, and December of each year.

8. In addition to its Financing Statement for the Leased Equipment above, LSI holds a first position pre-petition blanket security interest in Debtor's property, including but not limited to machinery and equipment, inventory, accounts receivables, and intangibles (the "Cash Collateral").  Upon information and belief, PNC Bank, N.A. possesses a subordination agreement from LSI with regard to the Cash Collateral. Debtor files this motion out of an abundance of caution.

9. Debtor's use of the Cash Collateral is essential for its continued operations, and LSI contends that it is entitled to adequate protection against the deterioration, depreciation, conversion or loss and diminution in value of their Cash Collateral.

**Relief Requested**

10. Debtor seeks authorization to use Cash Collateral and will continue to remit timely monthly payments to LSI on the Leased Equipment.

11. Debtor's use of Cash Collateral is imperative to ensure Debtor's continued operations and to maximize creditors' recovery. Use of Cash Collateral preserves the value of Debtor's assets, and without such use the value of Debtor's assets will immediately and substantially diminish. Absent authorization to use the Cash Collateral, there would be no reasonable prospect that Debtor would be able to reorganize successfully in this Chapter 11 case.

12. Entry of the proposed Order is in the best interests of the estate and its creditors because use of Cash Collateral will minimize disruption of Debtor as a "going concern," and increases the possibilities for a successful reorganization.

13. LSI may be entitled, pursuant to Sections 361 and 363(e) of the Bankruptcy Code, to adequate protection of its interest in the Cash Collateral to the extent of the diminution in value thereof.

14. As adequate protection in consideration of Debtor's continued possession and use of Cash Collateral, Debtor hereby offers LSI (i) a valid, enforceable, attached, and automatically perfected assignment of and security interest in and lien on all of the existing and hereafter acquired right, title, and interest of Debtor in and to the Cash Collateral solely for the First Interim Period to the same extent and priority LSI holds valid, enforceable, and perfected

security interests in the Cash Collateral prior to the Petition Date; and (ii) quarterly payments of $31,950.00 to LSI.

15. No previous motion for the relief sought herein has been made to this or any othercourt.

## Notice

16. Notice of this Motion has been given to (a) the United States Trustee for the Southern District of Indiana, (b) to LSI c/o Steve Westbay, stevewestbay@lease-today.com (c) other lienholders of Debtor; and (d) to the parties listed on Debtor's List of Twenty Largest Unsecured Creditors. Debtor submits that, under the circumstances, no other or further notice is required.

## Conclusion

**WHEREFORE**, Debtor respectfully requests that the Court enter an order (1) authorizing the use of Cash Collateral; (2) establishing adequate protection for the use of LSI's Cash Collateral; and (3) granting Debtor other just relief.

Respectfully submitted,

/s/ Charity B. Neukomm
NEIL C. BORDY
CHARITY B. NEUKOMM
SEILLER WATERMAN LLC
22nd Floor-Meidinger Tower
462 S. Fourth Street
Louisville, Kentucky 40202
Telephone: (502) 584-7400
Facsimile: (502) 583-2100
E-mail: bordy@derbycitylaw.com
E-mail: neukomm@derybcitylaw.com
*Proposed Counsel for Debtor*

## CERTIFICATE OF SERVICE

It is hereby certified that on June 18, 2015, a true and correct copy of the foregoing Motion for Authority to Use Cash Collateral and to Provide Adequate Protection was (a) mailed electronically through the U.S. Bankruptcy Court's ECF system to the electronic addresses as set forth in the ECF system to the U.S. Trustee and all other persons receiving electronic notifications in this case, and (b) served either by e-mail, first class mail and/or facsimile to those entities identified as the holders of the Twenty Largest Unsecured Claims against the Debtor.

/s/ Charity B. Neukomm
NEIL C. BORDY
CHARITY B. NEUKOMM

G:\doc\NCB\KAMMAN'S FARMS, INC\Pldgs\Emergency Motion to Use Cash Collateral - Leasing Supply Group.doc